IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAGNABLEND, INC., <br>     Plaintiff, | § § § | |
| v. | § § | |
| HARTFORD FIRE INSURANCE COMPANY, <br>     Defendant. | § § § § | CIVIL ACTION NO. 3:12-CV-1841-G |
| HARTFORD FIRE INSURANCE COMPANY, <br>     Third-Party Plaintiff, | § § § § | |
| v. | § § | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, <br>     Third-Party Defendant. | § § § | |

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S RULE 12(b)(6)
MOTION TO DISMISS HARTFORD'S AMENDED THIRD-PARTY COMPLAINT**

TO THE HONORABLE UNITED STATES COURT:

    Third-Party Defendant American Guarantee and Liability Insurance Company ("AGLIC") files this Rule 12(b)(6) Motion to Dismiss showing the following reasons why Hartford Fire Insurance Company's ("Hartford") Amended Third-Party Complaint should be dismissed.

**I.**

**BACKGROUND**

    1.1    Plaintiff Magnablend, Inc. ("Magnablend") sued Hartford seeking coverage for air monitoring costs under a commercial general liability insurance policy issued by Hartford to Magnablend. According to the complaint, on October 3, 2011, a fire and explosion occurred at

Magnablend's plant in Waxahachie, Texas. [Dkt. #1, ¶5]. Magnablend's environmental first responder, TAS Environmental Services, L.P., contracted with the Center for Toxology & Environmental Health, L.L.C. to conduct air monitoring operations. [Dkt. #1, ¶6]. Magnablend seeks coverage from Hartford for the resulting air monitoring costs. [Dkt. #1, ¶11].

     1.2    The Magnablend complaint also states that numerous claims and lawsuits were filed by claimants living near the Magnablend plant. [Dkt. #1, ¶9]. Magnablend contends that the air monitoring operations provided data aiding in Magnablend's defense of those claims, and that the air monitoring costs were incurred in connection with damages, and therefore, fall within the terms of Hartford's insuring agreement. [Dkt. #1, ¶9]. Magnablend further contends that the plant explosion constitutes an "occurrence" resulting in "property damage" and "bodily injury," as those terms are defined in the Hartford policy, and that the absolute pollution exclusion endorsement to the Hartford policy does not apply because of the hostile fire exception. [Dkt. #1, ¶11]. Magnablend alleges that the air monitoring expenses are supplementary payments under Hartford's policy and do not reduce the policy limits, and that Hartford has failed and refused to provide coverage for the air monitoring costs. [Dkt. #1, ¶9]. Magnablend seeks declarations that Hartford owes payment for the air monitoring costs and that Magnablend is entitled to statutory penalties and attorneys' fees. [Dkt. #1, ¶16].

     1.3    On December 13, 2012, Hartford filed its third-party complaint against AGLIC seeking a declaratory judgment pursuant to 28 U.S.C. Section 2201 and Federal Rule of Civil Procedure 57 regarding AGLIC's liability for some or all of Magnablend's claims against Hartford. [Dkt. #24, ¶5]. AGLIC filed a Rule 12(b)(6) Motion to Dismiss in response on April 22, 2013. [Dkt. #27].

1.4     Instead of responding to AGLIC's motion to dismiss, on May 28, 2013, Hartford filed a counterclaim against Magnablend and an amended third-party complaint against AGLIC. [Dkt. #39]. Like Hartford's original third-party complaint, its amended third-party complaint is entirely deficient of any proper claim for relief against AGLIC, and therefore, should be dismissed.

## II.

### ARGUMENTS AND AUTHORITIES

**A.     AGLIC Still Is Entitled to Relief Under Federal Rule of Civil Procedure 12(b)(6)**

2.1     Hartford continues to allege that its claims are brought against AGLIC under the federal Declaratory Judgment Act. [Dkt. #39, ¶2]. The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). Proceedings under the Declaratory Judgment Act are governed by the same pleading standards that are applied in other federal civil actions. *See Heimann v. National Elevator Indus. Pension Fund,* 187 F.3d 493, 510 (5th Cir. 1999)(*citing* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1238 at 285 (2d ed. 1990)). Accordingly, declaratory judgment lawsuits are amenable to the requirements of Rules 8 and 12(b) of the Federal Rules of Civil Procedure.

2.2     Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint state "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Schuer v. Rhodes*, 416 U.S. 232, 236

(1974).  Hartford's original third-party complaint was starkly devoid of any actual claim for relief against AGLIC.  Hartford attempts to correct this deficiency by asserting in its amended complaint an alternative count for declaratory judgment.  But, this alternative count also falls short of stating a real claim against AGLIC because it is hypothetical and speculative.  Hartford's sole issue with AGLIC apparently is to ensure that AGLIC is bound by any declaration between Magnablend and Hartford regarding the exhaustion or erosion of the Hartford policy.  [Dkt. #39, ¶¶E and F].  This alleged concern, however, is not a claim against AGLIC, nor is it the proper subject of a request for declaratory relief since Hartford is not a party to the AGLIC policy.

2.3   Before filing a responsive pleading, a defendant can move for dismissal of the plaintiff's claims under Rule 12(b)(6) for the failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A court may not decide any disputed fact issues in a 12(b)(6) motion, and it must assume that all material facts alleged in the complaint are true.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).  In fact, the court should dismiss a case under Rule 12(b)(6), where, as here, the plaintiff's complaint states no factual allegations supporting a claim for relief that is plausible on its face and above mere speculation.  *Twombly*, 550 U.S. at 555-57, 570.  The United States Supreme Court has emphasized that a pleading offering only "labels and conclusions", "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," such as Hartford's third-party complaint, is not sufficient and must be dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2.4   Moreover, in declaratory judgment actions such as this one, this Court has stated:

> To state a claim sufficiently to defeat the motion to dismiss, Plaintiff must either plead facts that tend to show that the allegations in the underlying action gave rise to a claim against [the insured] that falls within the coverage of a policy issued by Defendants, or plead facts from which this could be reasonably inferred. In other words, Plaintiff must allege facts sufficient to show that Defendants' duty to defend "was triggered."

*Republic-Vanguard Ins. Co. v. Zurich Am. Ins. Co.*, 2009 WL 1687463, at *3 (N.D. Tex. June 16, 2009) (internal citation omitted). Here, Hartford fails to plead any facts showing that the air monitoring costs fall within the coverage of AGLIC's policy. Hartford quotes from AGLIC's insuring agreement in the facts section of its complaint, apparently in response to AGLIC's assertion in its first motion to dismiss that Hartford failed to state any facts implicating AGLIC's policy. However, Hartford never states or alleges that Magnablend's claim for coverage regarding air monitoring costs is covered by the AGLIC policy. Instead, Hartford continues to allege that Magnablend's claims are not covered by Hartford's policy. Accordingly, Hartford's Amended Third-Party Complaint fails to surpass the minimal pleading threshold required by *Twombly* because no facts are alleged to state any plausible claim for relief against AGLIC. *Twombly*, 550 U.S. at 555-57, 570, and it should be dismissed.

### B. Hartford Still Fails to State Any Claim for Which Relief May Be Granted Against AGLIC

2.5  The crux of Hartford's amended third-party complaint remains its denial of any obligation to pay for the air monitoring costs made the subject of Magnablend's Original Complaint. In its amended complaint, Hartford seeks a declaratory judgment against Magnablend that its policy does not provide coverage for the air monitoring costs. [Dkt. #39, ¶¶20-25]. Hartford alleges that to the extent it has any obligation to pay for the costs, it seeks a declaratory judgment that its payment of costs are indemnity payments and not payments of defense costs. [Dkt. #39, ¶27]. Hartford also states that there is an issue of whether all of the

underlying lawsuits constitute a single occurrence. [Dkt. #39, ¶29]. Hartford alleges that these issues impact when Hartford's obligations will cease and when AGLIC's obligations, if any, will begin. [Dkt. #39, ¶30]. The declarations Hartford seeks in its amended third-party complaint regard liability under its own policy, and not any real claim against AGLIC. Although Hartford amends its pleading to assert a counterclaim against Magnablend, apparently in response to AGLIC's first motion to dismiss pointing out that Hartford's claims were properly directed towards Magnablend and not AGLIC, AGLIC still remains an improper and unnecessary party to this dispute.

    2.6    Despite Hartford's blanket statement in ¶20 of its amended third-party complaint that its lawsuit includes an action for declaratory judgment against AGLIC, all of Hartford's allegations describe the dispute between Hartford and Magnablend and do not include or involve AGLIC, except for Hartford's random recitation of AGLIC's insuring agreement and Hartford's statement: "[t]he issues set forth in paragraphs 26-28, and potentially others, impact when Hartford's obligations under its policy in relation to the tendered lawsuits will cease and when American Guarantee's obligations, if any, will begin." [Dkt. #39, ¶¶19, 30]. Hartford's amended pleading, therefore, is insufficient under *Twombly* to state or imply any claim for relief Hartford may have against AGLIC. *See Twombly*, 550 U.S. at 555-57, 570.

    2.7    Moreover, Hartford's "claim" does not state the grounds upon which the "claim" rests. Hartford puts forth a vague request for relief regarding AGLIC, stating "[t]hat upon exhaustion of the Hartford policy, Hartford's obligations will cease and the total applicable limits of the underlying insurance will have been paid in accordance with the requirements of American Guarantee's policy". [Dkt. #39, ¶32(E)]. This is not a request for which relief may be

granted, and is nothing more than Hartford's vague presupposition that AGLIC may contest that Hartford's policy exhausts when Hartford says it does.

2.8     These assertions are speculative because the Hartford policy has not exhausted and AGLIC does not contest Hartford's payment of any indemnity expenses to date.  If AGLIC ultimately does contest any exhaustion of the Hartford policy, then the issue becomes the proper subject of a declaratory judgment action by AGLIC against Hartford, and is improperly alleged as a hypothetical defensive in Magnablend's lawsuit.

2.9     Tellingly, Hartford does not seek relief against AGLIC for any declaration that AGLIC's policy provides coverage.  Moreover, Magnablend has not pursued coverage from AGLIC nor asserted any direct claim against AGLIC.[1]  The real dispute here is between Magnablend and Hartford with respect to potential coverage under the Hartford policy.  The fact that Hartford could not correct its deficient pleadings by amendment shows that it has no actual, viable claim against AGLIC.  Therefore, the amended claims should be dismissed because none of Hartford's "allegations" state a claim for which relief may be granted regarding AGLIC.

2.10    Under this court's standard in *Republic-Vanguard v. Zurich*, Hartford failed to plead facts showing that Magnablend's claim against Hartford gives rise to potential coverage under the AGLIC policy; nor has Hartford asserted any facts from which this could be reasonably inferred. *See Republic-Vanguard v. Zurich*, 2009 WL 1687463, at *3.  For instance, Hartford vaguely mentions the nature of the action without describing any actual claim against AGLIC's policy or discussing any facts that Hartford believes may trigger coverage under the AGLIC policy.  Moreover, Hartford merely cites to the AGLIC insuring agreement but does not

---

[1]     AGLIC contends that its policy does not provide coverage for air monitoring costs because of several coverage defenses, including a total pollution exclusion endorsement.  Moreover, the AGLIC policy does not contain a hostile fire exception unlike the Hartford policy.

state why it believes the AGLIC policy provides coverage, and omits the relevant exclusions, including the total pollution exclusion, precluding coverage for Magnablend's air monitoring costs.

2.11 Even though Hartford amended its pleading in an effort to correct these same fatal defects contained in its prior pleading, its amendment is futile because Hartford's claims remain hypothetical and unripe. A suit for declaratory relief, while allowing a party to anticipate a suit and seek judicial resolution, is merely a procedural device for deciding cases already within a court's jurisdiction and, as such, a party must still satisfy the jurisdictional prerequisites. *See McGinnis v. Union Pac. R.R. Co.*, 2009 WL 2900277, at *2 (S.D. Tex. Sept. 8, 2009) (*citing Shields v. Norton*, 289 F.3d 835 (5th Cir. 2002)). In this regard, Hartford is not a party to the insurance contract between AGLIC and Magnablend. Because Magnablend has not made any direct claim against AGLIC in this lawsuit, Hartford's enigmatic request for relief also is speculative and unripe. *Id.* at *2 (federal jurisdiction requires that a "case . . . be ripe for decision, meaning that it must not be premature or speculative.")(*citing Shields*, 289 F.3d at 832); *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (An actual controversy exists "where the facts alleged … show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). Moreover, Hartford's claim is unripe because its policy has not exhausted to trigger any potential coverage under the AGLIC policy.

2.12 Therefore, Hartford's amended third-party complaint must be dismissed under Rule 12(b)(6) because it offers only the naked assertion that if its policy is deemed exhausted then the AGLIC policy may be obligated to provide coverage, but is devoid of any further factual

enhancement supporting a claim for relief that is plausible on its face, and this court should not strain to find inferences of a claim. *See Iqbal*, 556 U.S. at 678; *R2 Invs. LDC*, 401 F.3d at 642.

### III.

#### CONCLUSION

The court should grant AGLIC's Rule 12(b)(6) Motion to Dismiss. Hartford's Amended Third-Party Complaint against AGLIC is speculative, unwarranted, and contains only conclusory allegations unsupported by facts. As such, the court should dismiss Hartford's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant American Guarantee and Liability Insurance Company prays that the court dismiss Hartford Fire Insurance Company's Amended Third-Party Complaint with prejudice and that American Guarantee and Liability Insurance Company be awarded such other and further relief to which it may be justly entitled.

Respectfully submitted,

s/Mariah Baker Quiroz
Ellen Van Meir
State Bar No. 00794164
evanmeir@thompsoncoe.com
Mariah Baker Quiroz
State Bar No. 24031714
mquiroz@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 - FAX

**COUNSEL FOR THIRD-PARTY DEFENDANT AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      This is to certify that on June 10, 2013, a true and correct copy of the foregoing was served via electronic transmission upon the following counsel of record:

| | |
|---|---|
| Patrick J. Wielinski<br>Rene R. Pinson<br>Lauren C. Hornsby<br>COKINOS, BOISEN & YOUNG<br>105 Decker Court<br>800 Crestview Tower<br>Irving, TX 75062<br>**Counsel for Magnablend, Inc.** | Wayne S. Karbal<br>Stacy S. Freel<br>KARBAL, COHEN, ECONOMOU,<br>    SILK & DUNNE, LLC<br>105 S. Wacker Drive, Suite 1700<br>Chicago, IL 60606<br>**Counsel for Hartford Fire Insurance Company** |
| Christopher W. Martin<br>Ryan K. Geddie<br>MARTIN, DISIERE, JEFFERSON<br>    & WISDOM, LLP<br>Tollway Plaza One<br>16000 N. Dallas Parkway, Suite 800<br>Dallas, TX 75248<br>**Counsel for Hartford Fire Insurance Company** | |

                                                                       s/Mariah Baker Quiroz
                                                                       Mariah Baker Quiroz