**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MAGNABLEND, INC. | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:12-cv-01841-G |
| | § | |
| v. | § | |
| | § | |
| HARTFORD FIRE INSURANCE COMPANY, | § | |
| Defendant. | § | |
| | § | |
| ------------------------------------------------------- | § | |
| | § | |
| HARTFORD FIRE INSURANCE COMPANY, | § | |
| Third Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN GUARANTEE AND LIABILITY | § | |
| INSURANCE COMPANY, | § | |
| Third Party Defendant. | § | |

**THIRD-PARTY PLAINTIFF HARTFORD FIRE INSURANCE
COMPANY'S BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION
TO THIRD-PARTY DEFENDANT AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY'S RULE 12(b)(6) MOTION TO DISMISS**

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: _/s/ Christopher Martin_____
       Christopher W. Martin
       State Bar No. 13057620
       Federal ID No. 13515

808 Travis, 20TH Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
Email: martin@mdjwlaw.com

Of Counsel:

Ryan K. Geddie
State Bar No. 24055541
MARTIN DISIERE JEFFERSON & WISDOM, L.L.P.
Tollway Plaza One
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248
Telephone:     (214) 420-5500
Facsimile:     (214) 420-5501
Email:         geddie@mdjwlaw.com

Wayne S. Karbal (admitted *pro hac vice*)
Stacy S. Freel (admitted *pro hac vice*)
KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC
150 South Wacker Drive, 17th Floor
Chicago, Illinois  60606
Telephone:     (312) 431-3700
Facsimile:     (312) 431-3670
Email:         wkarbal@karballaw.com
               sfreel@karballaw.com

*ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF, HARTFORD FIRE INSURANCE COMPANY*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

DATED: July 1, 2013

_____*/s/Ryan K. Geddie*_____
Ryan K. Geddie

ii

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

HARTFORD'S AMENDED COMPLAINT ...............................................................................4

ARGUMENT AND AUTHORITIES.........................................................................................6

I.      AGLIC'S MOTION SHOULD BE DENIED BECAUSE IT IS AN
        INTERESTED, NECESSARY AND PROPER PARTY TO THIS
        DECLARATORY JUDGMENT ACTION ........................................................................6

II.     ALTERNATIVELY, HARTFORD SHOULD BE GRANTED LEAVE
        TO FILE A SECOND AMENDED THIRD-PARTY COMPLAINT...............................14

CONCLUSION............................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662 (5th Cir. 1967) .................................. 2, 7

*Citigroup Global Mkts., Inc. v. Brown*, 261 S.W.3d 394 (Tex. Ct. App. 2008)........................ 11

*Cont'l Cas. Co. v. N. Am. Capacity Ins. Co.*, 683 F.3d 79 (5th Cir. 2012) ................................ 11

*Coppotelli v. Insurance Co. of North America*, 631 F.2d 146 (2d Cir. 1980).......................... 11

*Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz,*
    *793 F. Supp.* 2d 311 (D.D.C. 2011) ....................................................................... 10, 12

*Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653 (10th Cir. 1946) ............................................. 9

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305
    (5th Cir. 2002) ........................................................................................................... 14

*Hitt v. City of Pasadena,* 561 F.2d 606 (5th Cir. 1977)........................................................... 15

*Lodsys, LLC v. Brother Int'l Corp.*, 2012 U.S. Dist. LEXIS 31456
    (E.D. Tex. 2012) ......................................................................................................... 10

*N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552
    (5th Cir. 2008) ............................................................................................................. 11

*Progressive Northern Ins. Co. v. Webb*, 2012 U.S. Dist. LEXIS 68103
    (E.D. Okla. 2012) ......................................................................................................... 9

*Republic-Vanguard Ins. Co. v. American Ins. Co.,* 2009 U.S. Dist. LEXIS 51008
    (N.D. Tex 2009) ........................................................................................................... 12

*RSUI Indem. Co. v. Enbridge (U.S.) Inc.*, 2008 U.S. Dist. LEXIS 99122
    (S.D. Tex. 2008)............................................................................................... 2, 6, 8, 14

*Sherwin Williams v. Holmes Cty.,* 343 F.3d 383 (5th Cir. 2003).......................................... 1, 7

*St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994) .......................................................... 7

*Sun Ins. Office, Ltd. v. Neff*, 1990 U.S. Dist. LEXIS 13266 (E.D. Pa. 1990) ....................... 9, 13

*Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382 (5th Cir. 2001)............................... 7

**Rules**

Rule 12(e) ..................................................................................................... 8

Rule 12(b)(6) ........................................................................................... 1, 8, 15

Rule 15(a) .................................................................................................... 14

Rule 20(a)(2) ................................................................................................ 10

Rule 20(a)(2)(B) ............................................................................................. 4

Rule 8(a)(2) .................................................................................................... 8

**Statutes**

28 U.S.C. §2201. ................................................................................... passim

NOW COMES Defendant/Third Party Plaintiff, Hartford Fire Insurance Company ("Hartford") and submits this Brief in Support of its Opposition to Third-Party Defendant American Guarantee and Liability Insurance Company's ("AGLIC") Rule 12(b)(6) Motion to Dismiss ("Motion") Hartford's Counterclaim and Amended Third Party Complaint (the "Amended Complaint").  In support thereof, Hartford respectfully states as follows:

## PRELIMINARY STATEMENT

The three-part test for determining whether this Court should decide a declaratory judgment action is: (1) whether the matter is justiciable; (2) whether the Court has the authority to grant the relief; and (3) whether to exercise its discretion to decide or dismiss the action in accordance with the factors set forth by the Fifth Circuit Court of Appeals.  *See Sherwin Williams v. Holmes Cty.,* 343 F.3d 383, 387-88 (5th Cir. 2003).  There is no dispute that the second and third requirements are met.  All of the discretionary factors here favor Hartford.[1]  Specifically, because this Court is exercising its authority to adjudicate the issues between Hartford and Magnablend, and the issues raised by Hartford against AGLIC are ***identical*** to those Hartford raises against Magnablend, this Court should deny AGLIC's Motion and exercise its discretion to adjudicate Hartford's Amended Complaint.

Thus, the only issue for this Court to decide under the three-prong test is whether there is a justiciable controversy between Hartford and AGLIC.  For an action to be justiciable it "must

---

[1] Those factors are as follows: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Sherwin Williams,* 343 F.3d at 388.  Of these factors, only numbers 5 and 6 have any relevance to the present dispute and both weigh in favor of Hartford.

be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based on the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967); *RSUI Indem. Co. v. Enbridge (U.S.) Inc.*, 2008 U.S. Dist. LEXIS 99122 (S.D. Tex. 2008).  Hartford has clearly pled an actual, justiciable controversy against AGLIC. Hartford has pled that the twenty-three underlying lawsuits tendered by Magnablend to Hartford were also tendered by Magnablend to AGLIC. AGLIC's excess policy sits above Hartford's policy, and it will thereby be implicated once Hartford's policy has been exhausted.  Moreover, AGLIC has expressly maintained that it has a right to challenge the exhaustion of Hartford's policy, *see* Motion, Dkt. 42 ¶2.8, and in fact, there are several issues involved in this case that will directly affect how quickly and when the Hartford policy will exhaust.  If AGLIC's Motion is granted, it will be entitled to come back and challenge exactly the same issues that will be decided in this case.  That would be an absurd and illogical waste of judicial resources.

The coverage issues in this case arise out of a massive explosion and fire at a plant owned by Magnablend.  Hartford has paid out over $600,000 in indemnity payments against its One Million Dollar Each Occurrence for claims arising out of that explosion.[2]  The main coverage issue concerns whether the costs of air monitoring following the explosion (which greatly exceed $1 million) are covered under the policies.  Hartford maintains they are not covered, while Magnablend contends that they are.  If this Court holds that the air monitoring costs are covered

---

[2] While Hartford pled that it is seeking a declaration for purposes of binding AGLIC when the Hartford policy exhausts, it did not plead the precise level of impairment.  Hartford's inevitable exhaustion for purposes of demonstrating a justiciable controversy is amply demonstrated in the pleadings by the facts that: (1) the smoke damages sought in this action exceed Hartford's each occurrence policy limit; and (2) the explosion resulted in 23 lawsuits.  Thus, the precise level of impairment is not a necessary fact for this Court to consider for purposes of denying AGLIC's motion.  To the extent this Court believes the fact is relevant, and not cumulative, Hartford would request leave to amend consistent with its alternative relief raised in Section II of its legal argument.

under Hartford's policy, these costs will exceed Hartford's policy limit and AGLIC is the carrier that is immediately excess to Hartford.  AGLIC thereby clearly has a stake in how this issue is decided, and should be bound to this Court's ruling on this issue as a party to this action.

Even if this Court determines that the air monitoring costs are not covered under the Hartford policy, this Court's ruling on whether all of the explosion-related claims arise from a single occurrence will also directly implicate AGLIC.  If, as Hartford contends, all of the underlying lawsuits arise from a single occurrence, then the Hartford policy will shortly exhaust. Again, because AGLIC asserts in its Motion that it maintains the right to challenge Hartford's exhaustion, AGLIC simply has no legitimate basis to argue that issues concerning the propriety of Hartford's exhaustion are not presently justiciable as between Hartford and AGLIC.

AGLIC's only arguments regarding ripeness are that: (1) no contractual obligation exists between Hartford and AGLIC; and (2) exhaustion has not yet occurred.  These arguments have no merit.  The presence or absence of a direct contractual relation between Hartford and AGLIC is irrelevant because AGLIC has a right (contractual or otherwise) to challenge the propriety of Hartford's exhaustion.  As such this coverage dispute is neither speculative nor theoretical. Moreover, whether exhaustion has already occurred is irrelevant because this Court's ruling, in and of itself, may result in Hartford's exhaustion, and at the very least will determine the pace of Hartford's exhaustion.  The only reason AGLIC could have for wanting to be dismissed from this suit is so that it can later come back and re-litigate the very issues this Court is going to decide.  That is a plainly illegitimate basis for dismissal. AGLIC's Motion, therefore, is dilatory and should be denied.

Contrary to AGLIC's position, Hartford is well within its rights to join AGLIC as a party to this action to ensure that subsequent litigation of the same issues presented here does not have

to occur again.  This is particularly true where, as here, Magnablend itself has tendered the Underlying Claims to AGLIC for coverage and AGLIC has declined the claims.  The dispute between these parties is plainly ripe and appropriate under the Declaratory Judgment Act, 28 U.S.C. §2201, and Rule 20(a)(2)(B).  In sum, the declaration that Hartford seeks against AGLIC is real and not theoretical, is sufficiently likely to justify judicial determination, promotes judicial economy, and will prevent the unnecessary re-litigation of the same issues presented here.  For these reasons and those that follow, AGLIC's Motion should be denied.

## HARTFORD'S AMENDED COMPLAINT

The explosion and fire that gave rise to this case occurred at Magnablend's plant in Waxahachie, Texas on October 3, 2011.  (*See* Amended Complaint, Dkt. 39 ¶8.)  The fire, which burned for days, emitted a thick, black smoke and completely destroyed Magnablend's facility. (*Id.*)  Twenty-three lawsuits have been filed against Magnablend as a result of the explosion and fire (the "Underlying Claims") (*Id.* at ¶9).  These Underlying Claims allege personal injury, as well as property damage to vehicles which were on Magnablend's premises at the time of the fire.  Hartford issued the first One Million Dollars in primary general liability insurance to Magnablend, (*Id.* at ¶10, ¶C, p. 7), and AGLIC issued the umbrella coverage immediately excess to Hartford. (*Id.* at ¶¶17-18).

Magnablend tendered the Underlying Claims to both Hartford and AGLIC.  (*Id.* at ¶10, 12.)  Hartford agreed, subject to a full reservation of rights, to defend and indemnify Magnablend for the Underlying Claims.  (*Id.* at ¶11)  Hartford declined coverage, however, for certain air monitoring costs that Magnablend incurred as a result of the explosion.  (*Id.*)  Hartford's defense of the Underlying Claims is ongoing and Hartford anticipates that its policy will exhaust in the near future as a result of paying settlements and/or judgments related to the Underlying Claims.

(*Id.* at ¶C, p. 7).  In direct contrast to Hartford, AGLIC denied coverage to Magnablend for all of the claims.  (*Id.* at ¶¶12, 13).

Magnablend filed the present dispute seeking a determination with respect to Hartford's denial of coverage regarding the air monitoring costs.  (*See generally* Magnablend Complaint, Dkt. 1; Dkt. 39 ¶1).   The air monitoring dispute has two facets.  The first issue is whether air monitoring costs are covered costs under Texas law.  (*See* Dkt. 39 ¶1). The second issue arises only if this Court determines that Magnablend's costs are covered (which Hartford strenuously denies) and that issue concerns whether those costs are properly characterized as indemnity as opposed to defense. (*Id.* at ¶27).  If the costs are covered indemnity costs, they would be applied against Hartford's policy limit and would immediately exhaust the Hartford policy.  (*Id.* at ¶11, 27, ¶D, p. 7).

In addition to the air monitoring costs dispute, an additional dispute exists over Hartford's policy limit.  (*Id.* at ¶29).  Specifically, the Hartford policy provides coverage of $1 million per occurrence and $2 million in the aggregate.  Hartford contends that all of the Underlying Claims arise from a common cause, namely, the explosion and subsequent fire. Thus, the Underlying Claims arise out of a single occurrence and the applicable Hartford limit for all of the Underlying Claims is $1 million.  This dispute, like the air monitoring dispute, is central to determining Hartford's inevitable exhaustion.

Once the Hartford policy is exhausted, either Magnablend or AGLIC will be responsible for the ongoing defense and indemnity of the Underlying Claims.  As a result, Hartford filed its Amended Complaint seeking a declaration against both Magnablend and AGLIC as to, among other things, the number of "occurrences", whether the air monitoring costs are covered and, if so, how they should be characterized.  Hartford also seeks a declaration that AGLIC is bound by

any determination of Hartford's policy's exhaustion.   Thus, Hartford's second count asserts an entitlement to relief based on the impending exhaustion of its limit and the impact that will have on AGLIC's obligations under its own policy.  (*Id.* at ¶¶26-31).   Hartford thereby pled that it "seeks a declaration as to its rights and obligations under the Hartford Policy in relation to all *interested parties*."  (*Id.* at ¶31) (emphasis added).   Finally, Hartford also alleged in its Prayer for Relief:

> E.   That upon exhaustion of the Hartford policy, Hartford's obligations will cease and the total applicable limits of the underlying insurance will have been paid in accordance with the requirement of American Guarantee's policy;
>
> F.   That American Guarantee is bound by any declaration and/or judgment rendered by this Court relative to coverage under the Hartford Policy;

(*Id.* at p. 7).

Despite these allegations, on June 10, 2013, AGLIC filed the instant Motion.  (Dkt. 42). AGLIC cannot seriously contend that there is no commonality of interest with respect to the issues and parties.  The issues raised in Hartford's Amended Complaint directly impact AGLIC's obligation for the Underlying Claims and any other claims that may arise following Hartford's exhaustion.

## ARGUMENT AND AUTHORITIES

## I.   AGLIC'S MOTION SHOULD BE DENIED BECAUSE IT IS AN INTERESTED, NECESSARY AND PROPER PARTY TO THIS DECLARATORY JUDGMENT ACTION

A fundamental purpose of the Declaratory Judgment Act is to settle controversies before they ripen into disputes concerning violations of law or breach of contract.  *RSUI,* 2008 U.S. Dist. LEXIS 99122, at *3.  To this end, the Declaratory Judgment Act provides, in relevant part, that:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C. §2201.

Pursuant to §2201, a district court has discretion over whether to entertain a declaratory judgment action. *Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 390 (5th Cir. 2001); *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590-91 (5th Cir. 1994).   As previously noted, the Court must determine: (1) whether the action is justiciable; (2) whether the Court has the authority to grant relief; and (3) whether to exercise its discretion to decide the action.  *Sherwin Williams,* 343 F.3d at 387.  Taking the second requirement first, there can be no dispute that the Court has the authority to grant the relief sought by Hartford – *i.e.*, a declaration as to coverage under Hartford's policy and to bind AGLIC to that judgment.   In fact, because Hartford seeks the same relief against Magnablend as it does against AGLIC, the Court will necessarily be deciding the claims asserted against AGLIC in Hartford's Amended Complaint.  This fact demonstrates why the third requirement above is also met: if the Court were to decline to exercise its discretion to resolve those issues as to AGLIC, it would only be permitting AGLIC to re-litigate the very same issues another day.  That would be an inefficient waste of judicial resources and could result in potentially inconsistent rulings that could whipsaw both Hartford and Magnablend.  For these reasons, the second and third prongs of the three-part test are satisfied.

As noted above, a justiciable action "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based on the possibility of a factual situation that may never develop."  *Brown & Root*, 383 F.2d at 665.  In that regard, "[i]t is well settled that a dispute regarding an insurer's duty to defend or indemnify its insured for loses in a state court action by a third party presents an actual controversy within the meaning of the

7

federal Declaratory Judgment Act….”  *RSUI,* 2008 U.S. Dist. LEXIS 99122, **5-6.   Here, Hartford has alleged that Magnablend tendered these claims to AGLIC and AGLIC – unlike Hartford – denied coverage.  This allegation alone reveals the existence of an actual, existing controversy.

Nonetheless, as the issues to be decided between Magnablend and Hartford will impact Hartford’s exhaustion, and AGLIC asserts in paragraph 2.8 of its Motion that it has a right to contest the exhaustion of Hartford’s policy, AGLIC by its own assertion highlights why the very issues that undisputedly present a controversy between Magnablend and Hartford also present an actual, justiciable controversy between Hartford and AGLIC.  To determine otherwise, exposes both Magnablend and Hartford to piecemeal litigation and potentially inconsistent rulings.

While AGLIC’s Motion raises numerous issues, none have any merit.  As an initial matter, AGLIC argues that Hartford’s Amended Complaint fails to present a short and plain statement of the relief sought per Rule 8(a)(2) and fails to give AGLIC fair notice of the grounds on which Hartford’s claim rests.  This argument is facially suspect because AGLIC’s Motion is brought pursuant to Rule 12(b)(6) and does not seek any relief under Rules 8(a)(2) or 12(e) for a more definite statement.  Even if it had, however, the Amended Complaint speaks for itself.  Paragraphs 30 and 31 specifically state:

> 30. The issues set forth in in paragraphs 26-28 [number of occurrence and coverage for air monitoring costs], and potentially others, impact when Hartford’s obligations under its policy in relation to the tendered lawsuits will cease and when American Guarantee’s obligations, if any, will begin.

> 31. Hartford thus seeks a declaration as to its rights and obligations under the Hartford policies in relation to all interested parties.

(Dkt. 39 ¶¶30-31).  Given the above allegations, there can be no dispute that AGLIC is fairly on notice as to the relief Hartford is seeking.  Candidly, it is disingenuous for them to suggest otherwise.

AGLIC's arguments can be summed up in one paragraph of its motion as follows:

> Hartford does not seek relief against AGLIC for any declaration that AGLIC's policy provides coverage.  Moreover, Magnablend has not pursued coverage from AGLIC nor asserted any direct claim against AGLIC.  The real dispute here is between Magnablend and Hartford with respect to potential coverage under the Hartford policy.

(Dkt. 42 ¶2.9). These points, however, are incorrect, shortsighted, and irrelevant.  First, AGLIC entirely ignores the fact that the Declaratory Judgment Act permits an insurer to seek a declaration as to coverage under its own policy and **bind other necessary parties** to that judgment.  *Progressive Northern Ins. Co. v. Webb*, 2012 U.S. Dist. LEXIS 68103, **6-7 n.18 (E.D. Okla. 2012) (acknowledging that "although Defendant Speed has no contractual relationship with Plaintiff and is not the subject of Plaintiff's primary claim, he is, at a minimum, tangentially *interested* in the suit's result and therefore a necessary party.").  Thus, a direct claim need not be asserted against a defendant for it to be a proper party to a declaratory judgment action relating to coverage for a claim.  *Id.*  The issue is whether that party has some interest in the outcome of the proceeding such that it is a proper party to the suit for the purpose of binding it to any judgment entered by the court.  *See Sun Ins. Office, Ltd. v. Neff*, 1990 U.S. Dist. LEXIS 13266, **9-10 (E.D. Pa. 1990) (finding that Allstate was named as a proper party to a lawsuit, even though the plaintiff was seeking a declaration relating to its own policy because Allstate had a potential claim for subrogation against the plaintiff); *see also Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 658 (10th Cir. 1946) (finding that a party with a contingent interest was

9

interested and proper for the purpose of a declaratory judgment action).  That is clearly the case here.

Second, Rule 20(a)(2) specifically provides that a party may be joined as a defendant if "*any* right to relief is asserted against them …. with respect to the same transaction, occurrence, or series of transactions, or occurrences."   Consistent therewith, permissive joinder of a defendant under Rule 20(a)(2) is subject to a two-prong analysis: (1) whether the claims arise out of the same transaction or occurrence; and (2) whether a question of law or fact is common to all defendants.  *Lodsys, LLC v. Brother Int'l Corp.*, 2012 U.S. Dist. LEXIS 31456, **17-18 (E.D. Tex. 2012).  Based on the facts underlying this lawsuit, there is no dispute that both prongs are satisfied and, thus, that Hartford's joinder of AGLIC is both proper and warranted.

All of the claims involved in this suit arise out of the October 3, 2011 explosion, and the determination of the treatment of the air monitoring costs and the occurrence issue are questions of law common to all defendants (as is the exhaustion of the Hartford policy).  This is evidenced by Count II of Hartford's Amended Complaint, which asserts an entitlement to the same relief against both Magnablend and AGLIC in relation to coverage under Hartford's policy for the costs in question and Hartford's impending exhaustion.  (Dkt. 39 ¶¶26-31).  Thus, pursuant to §2201 and Rule 20(a)(2), Hartford is well within its right to join AGLIC as a necessary party for the purpose of binding it to any declaration issued by this Court relative to coverage under Hartford's policy.

Further, when faced with the issue of permissive joinder, a "district court should be guided by the underlying aims of joinder, which include promoting judicial economy, expediting the resolution of disputes, and eliminating unnecessary litigation."  *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 323 (D.D.C. 2011).   In this

10

regard, allowing AGLIC to be dismissed from this action creates the very real possibility of subsequent litigation between Magnablend, Hartford and AGLIC relating to the same factual and legal issues already raised by the parties' pleadings.  More specifically, if AGLIC is not a party to this action, it will not be bound by any judgment entered by this Court and, as such, will have the right to re-litigate any issues presently before this Court.  *See, e.g., Coppotelli v. Insurance Co. of North America*, 631 F.2d 146, 149-50 (2d Cir. 1980) (stating that "an interested party to a declaratory judgment action who has not been joined as a party is not bound by the adjudication"); *Citigroup Global Mkts., Inc. v. Brown*, 261 S.W.3d 394, 401-02 (Tex. Ct. App. 2008) (recognizing that a declaratory judgment is not binding on any interested parties not properly joined).  That is especially true considering that under Texas law AGLIC could seek to challenge Hartford's exhaustion in a subsequent action by way of a claim for equitable subrogation.  *See Cont'l Cas. Co. v. N. Am. Capacity Ins. Co.*, 683 F.3d 79, 86 (5th Cir. 2012) (recognizing an excess carrier's right to assert a claim for equitable subrogation against a primary carrier); *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 555-56 (5th Cir. 2008) (same).

While AGLIC expressly acknowledges that it may very well contest the exhaustion of Hartford's policy in subsequent litigation (Dkt. 42 ¶2.8), AGLIC nevertheless asserts that Hartford has no right to bind it to a declaration entered by this Court and that AGLIC is only a proper party when *it* decides to litigate coverage under Hartford's policy.  (*Id.*).  AGLIC cites no legal authority for this proposition.  In fact, AGLIC's position runs directly counter to a litigant's right under §2201 to name "interested" parties to an action seeking declaratory relief to prevent exactly what AGLIC asserts it has the right to do here: instigate subsequent litigation of coverage under Hartford's Policy.  *See Coppotelli*, 631 F.2d at 149-50.

11

As an "interested" and necessary party with respect to this action, AGLIC cannot simply ignore §2201 and force Hartford to incur the additional costs of having to re-litigate coverage under its own policy, especially when AGLIC has already been properly joined as a defendant in this action.  Under these circumstances, it would certainly be inequitable, not just to the parties but to the Court as well, to grant AGLIC's Motion when there can be no dispute that Hartford's joinder of AGLIC will serve to promote judicial economy and avoid unnecessary litigation.  *See Gaubatz*, 793 F. Supp. 2d at 323.

For all of these reasons, AGLIC's reliance on *Republic-Vanguard Ins. Co. v. American Ins. Co.,* 2009 U.S. Dist. LEXIS 51008 (N.D. Tex 2009) is misplaced.  That case involved the issue of whether a carrier that had paid all of the defense costs on behalf of its insured had adequately pled an equitable right of recovery against the insured's other carriers.  *Id*. at **6-7. The Court dismissed the subject complaint without prejudice and specifically noted that arguments regarding theories of recovery, such as contribution, subrogation or reimbursement, were "premature" without sufficient allegations relating to those other carriers' coverage.  *Id*.

Unlike the facts in *Republic-Vanguard*, the common issues of law and fact raised in Hartford's Amended Complaint relate to coverage under Hartford's policy and its impending exhaustion and do not relate solely to the potential for coverage under the AGLIC policy.  As to the potential for coverage, Hartford has specifically pled that Magnablend asserts coverage under AGLIC's policy.  (Dkt. 39 ¶¶11, 15).  If that allegation alone is not sufficient to distinguish *Republic-Vanguard,* it certainly is when coupled with the issues of Hartford's pending exhaustion, the number of occurrences, and AGLIC's admission regarding its right to litigate the propriety of Hartford's exhaustion.  Thus, AGLIC is simply ignoring the justiciable controversy pled in Hartford's Amended Complaint: that AGLIC should be bound by any determination as to

12

coverage under Hartford's policy to prevent re-litigation of the very issues that AGLIC itself admits it may seek to litigate after this case concludes.  AGLIC in effect argues that there is no coverage dispute while at the same time reserving the right to litigate the same coverage dispute currently presented.

Further, AGLIC's claim that Magnablend has not pursued coverage from, or asserted any direct claim against, AGLIC is factually incorrect as is AGLIC's argument that the so-called "dispute" here is only between Hartford and Magnablend.  It is undisputed that AGLIC has denied coverage to Magnablend for the underlying lawsuits on two separate occasions.  (Dkt. 43 ¶¶12-14).  Thus, a live dispute exists between the parties in relation to the existence of coverage under AGLIC's policy, the potential exhaustion of Hartford's Policy, and the effect of any such exhaustion on AGLIC's obligations under its own policy.  Contrary to AGLIC's contention, there is no pleading requirement under §2201 beyond the allegations set forth in Count II of Hartford's Amended Complaint.  *See Neff*, 1990 U.S. Dist. LEXIS 13266, **9-10 (E.D. Pa. 1990).  As that count clearly reflects, Hartford asserts that, as an "interested" party in relation to coverage under Hartford's Policy, AGLIC should be bound by any judgment entered by this Court.  Thus, the allegations against AGLIC in Hartford's Amended Complaint are sufficient to ensure that AGLIC received notice of the basis for which it was joined as a party: to among other things, bind it to any judgment entered by this Court with respect to Hartford's Policy.

AGLIC's remaining argument is that there is no justiciable controversy between Hartford and AGLIC because: (1) no contractual obligation exists between Hartford and AGLIC; and (2) exhaustion has not yet occurred.   The existence of a contractual obligation is irrelevant where, as here, AGLIC acknowledges its right to question the propriety of Hartford's exhaustion.

Moreover, the absence of exhaustion is also irrelevant.  The identical argument was made and rejected in *RSUI, supra*.  As that court pointed out:

> In the context of the federal Declaratory Judgment Act, a plaintiff can meet the "injury in fact" element of standing by establishing "actual present harm or a significant possibility of future harm."  By its very nature, a declaratory judgment action focuses on an injury that has not yet occurred; the issue is whether injury is sufficiently likely to justify judicial intervention.  As a factual matter, Endbridge does not dispute RSUI's assertion that given the nature of the plaintiff's injuries in the underlying lawsuit, there is a significant possibility that defendants' liability will exceed the Liberty policy limits.  And Endbridge does not deny that if that happens, it will make a claim under RSUI's policy.  The parties own conduct reflects an understanding that this coverage dispute is neither speculative nor theoretical.  In a series of phone calls and emails before this suit was filed, Endbridge and troy actively sought out RSUI's position on the "wrap up" exclusion.  The fact that a different and unrelated condition of coverage, *i.e.*, exceeding the primary policy limits, has yet to be determined makes this coverage dispute no less real.  Accordingly, the court concludes that this case presents a live controversy that is ripe for adjudication.

*RSUI*, 2008 US Dist. LEXIS 99122, **7-8.

All of the above discussion holds true here with respect to the facts as alleged in Hartford's Amended Complaint and, thus, AGLIC is plainly a necessary and proper party to this action.

## II.   ALTERNATIVELY, HARTFORD SHOULD BE GRANTED LEAVE TO FILE A SECOND AMENDED THIRD-PARTY COMPLAINT

In the alternative, to the extent this Court finds a more specifically pled cause of action against AGLIC is necessary or that AGLIC is not an "interested" and necessary party under the Declaratory Judgment Act, Hartford respectfully requests that it be granted leave to file a Second Amended Third-Party Complaint.  Rule 15(a) provides that "leave [to amend the complaint] shall be freely given when justice so requires."  In addition, under Rule 15(a), a party should generally be given every opportunity to state a claim before an action should be dismissed. *See, e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002); *Hitt*

*v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted").

Hartford is prepared to add additional allegations to address any pleading deficiency, if this Court determines that one, in fact, exists (which Hartford denies). Accordingly, should this Court find the allegations in Hartford's Amended Complaint insufficient, Hartford respectfully requests leave to amend.

## <u>CONCLUSION</u>

WHEREFORE defendant/Third-Party Plaintiff Hartford respectfully requests that this Honorable Court deny AGLIC's instant Motion, and grant such other and further relief as is proper under the circumstances.